EK:TYH
F. #1999R02003
GRCYANind1S.wpd

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - X

UNITED STATES OF AMERICA

   -against-

BRUCE ANTHONY GORCYCA,
   also known as "Anthony DiMarco,"
   "Tony Dimarco," "Tony DeMarco"
   and "Tony D. Marco,"

          Defendant.

- - - - - - - - - - - - - X

I N D I C T M E N T

Cr. No. 08          009
(T. 18, U.S.C., §§ 1343, 2
and 3551 et seq.; T. 15,
U.S.C. §§ 78j(b) and 78ff)

BLOCK, J.

REYES, M.J

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
JAN 0 7 2008
BROOKLYN OFFICE

THE GRAND JURY CHARGES:

INTRODUCTION

      At all times relevant to this Indictment, unless
otherwise indicated:

      1.  The defendant BRUCE ANTHONY GORCYCA, also known as
"Anthony DiMarco," "Tony Dimarco," "Tony Demarco" and "Tony D.
Marco," was the President of a company called the Globus Group
("Globus").

      2.  Globus maintained a web site on the Internet,
"Globusgroup.com," on which the defendant BRUCE ANTHONY GORCYCA
advertised and purported to provide services including "Stock
Promotion" and "Asset Enhancement."

## OVERVIEW OF THE SCHEME

3.   In carrying out the scheme to defraud, the defendant BRUCE ANTHONY GORCYCA typically sought to obtain substantial quantities of stock from micro- and small-cap companies and then endeavored to inflate such companies' stock prices by disseminating false information concerning such companies to thousands of members of the investing public.

4.   The "Stock Promotion" page of the "Globusgroup.com" web site stated, among other things:

> When it comes to stock promotion, we put our own money where our mouth is.  In fact, we earn no fee unless and until your stock doubles in price and/or volume within 45 days.
>
> We'll blanket the country with your company's profile/executive summary and our third-party objective analysis.  We can even provide and distribute institutional research reports.  But more importantly we make sure the information gets in the right hands ...
>
> We have the largest fax and E-Mail database East of the Mississippi River (perhaps in all the U.S.) and our exposure program is second to none.  Our mailings, faxes and E-mails are also supplemented with Internet postings, Press Releases, Feature Articles, and Newsletters ...

5.   The defendant BRUCE ANTHONY GORCYCA sent out mass fax distributions promoting certain stocks to large numbers of individuals, investors and stock brokers.  These fax distributions contained several misrepresentations of fact, as set forth in greater detail below.

6.   The "Globusgroup.com" web site also purported to
assist with Asset Enhancement by "arrang[ing] to transfer up to
$4MM of assets to your public company in exchange for equity and
a nominal fee."  This representation was false.

Fraudulent Inflation of China Food Shares

7.   In about March 1999, Globus entered into an
agreement with China Food and Beverage Company (Ticker:  CHIF)
(hereinafter "China Food") whereby Globus agreed to promote the
stock of China Food in exchange for cash and China Food stock.
The agreement set forth various services that Globus would
provide, including "fax blasting (5,000 minimum faxes per day)"
and "e-mails (50,000 daily minimum)."

8.   The agreement also provided for "asset enhancement
($4MM NASD-Approved Assets)."  Specifically, the defendant BRUCE
ANTHONY GORCYCA agreed to transfer to China Food $4 million of
purported "assets" in the form of television air time.  GORCYCA
provided China Food with a press release to use to announce the
purported $4 million acquisition.  The press release stated that
with the $4 million acquisition, the company would launch a
"major national advertising campaign" during the summer of 1999
in 120 United States cities.  The press release further stated
that the nationwide exposure provided the potential "to
substantially multiply . . . revenues in very short order."  In

4

fact, neither defendant GORCYCA nor his company ever provided the purported $4 million in television air time.

9.   The defendant BRUCE ANTHONY GORCYCA sent out a large number of faxes pursuant to the China Food agreement which were designed to appear to be misdirected personal notes containing non-public information concerning China Food.  Many such faxes appeared to be written on Prudential Securities letterhead.  One such fax was marked Confidential and referred to CHIF, the ticker symbol for China Food, and other companies.  It bore a handwritten signature, "Frank," with no last name, and provided as follows:

> Okay, my friend,
>
> Ask me no questions and I'll tell you no lies, so get off your butt and make these buys...
>
> TGHI (www.TransGlobal.cihost.com)
> CHOP (www.TManGlobal.com)
> CHIF (www.CHIF.net)
>
> Load up NOW or weep.  I suggest 100,000 of each. After next Tuesday you should tell your preferred clients about these stocks.  Until then, just sit on it.  MAJOR announcements are coming out this month that will at least triple current prices and volume.  Peter and Burke are working behind the scenes on these deals.  Need I say more?  Now get me some Yankee tickets you ingrate!
>
> I left the keys to the La Jolla condo with Sandy since I didn't know what time your flight was getting in and I was running late myself.  You can FedEx them back to me when you leave.  Congrats on the divorce.  Now be smart enough not to make the same mistake twice.  Give my best to your dad for me.

                    Ciao-
                    Frank

        10.   The information contained in the above-quoted fax,
along with the information in other faxes sent pursuant to the
scheme, was materially false because, among other things, the
message purported to be misdirected when in fact it was not;
Prudential was not involved; there existed no legitimate basis to
believe that stock prices would triple; and "Frank" was a
fabricated identity of the defendant.

Misrepresentations Concerning Other Issuers of Stock

        11.   The defendant BRUCE ANTHONY GORCYCA had, or
attempted to make, agreements similar to the one with China Food
with the other following companies: a) Top Image Systems; b)
Trans-Global Holdings, Inc.; c) TMANGlobal.com, Inc.; d) Chill
Tech Industries, Inc.; e) Converge Global, Inc.; and f) North
Wave Communications, Inc.   In each case, GORCYCA misrepresented
that, among other things, he could transfer a $4 million asset in
exchange for "$4 million shares of restricted common shares."
The $4 million asset purported to consist of television time, but
in no case did GORCYCA deliver the promised air time.

        12.   The defendant BRUCE ANTHONY GORCYCA also sent
faxes concerning a company called IQ Management Corp. ("IQMG").
These faxes similarly purported to convey non-public information
that was intended for someone other than the recipient.   These

faxes consisted of two pages: a "Market Research Analysis" page touting the expansion plans of IQMG; and an article touting the company's future.  It also included a notation in the margins stating "Get me 50,000 shares of this IQMG right away before tomorrow's announcement.  Please don't tell Sid about this until after you secure my position."

COUNT ONE THROUGH SIX<br>(Wire Fraud)

13.  The allegations contained in paragraphs 1 through 12 are realleged and incorporated as if fully set forth in this paragraph.

14.  In or about and between October 1997 and June 1999, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant BRUCE ANTHONY GORCYCA, also known as "Anthony DiMarco," "Tony Dimarco," "Tony Demarco" and "Tony D. Marco," together with others, did knowingly and intentionally devise a scheme and artifice to defraud members of the investing public, and for the purpose of executing such scheme and artifice, did knowingly and intentionally transmit and cause to be transmitted in interstate writing, signs, signals and pictures by wire communication, to wit:

| Count | Approximate Date of Transmission | Description – sent from 305 area code | Fax Number of Potential Investor |
|---|---|---|---|
| 1 | January 11, 1999 | Prudential Fax | (718) 403-7719 |

| Count | Approximate Date of Transmission | Description - sent from 305 area code | Fax Number of Potential Investor |
|-------|----------------------------------|---------------------------------------|----------------------------------|
| 2 | January 13, 1999 | Prudential Fax | (718) 322-8054 |
| 3 | June 4, 1999 | Prudential Fax | (516) 333-1977 |
| 4 | June 4, 1999 | Prudential Fax | (718) 447-7239 |
| 5 | June 4, 1999 | Prudential Fax | (516) 763-4702 |
| 6 | June 4, 1999 | Prudential Fax | (516) 883-5975 |

(Title 18, United States Code, Sections 1343, 2 and 3551 et seq.)

COUNT SEVEN
(Securities Fraud - Transglobal Holdings)

15.   The allegations contained in paragraphs 1 through 12 are realleged and incorporated as if fully set forth in this paragraph.

16.   In or about and between October 1997 and June 1999, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant BRUCE ANTHONY GORCYCA, also known as "Anthony DiMarco," "Tony Dimarco," "Tony Demarco," and "Tony D. Marco," did knowingly and willfully, by use of means and instrumentalities of interstate commerce and the mails, directly and indirectly use and employ manipulative and deceptive devices and contrivances in violation of Rule 10b-5 of the Rules and Regulations of the United States Securities and Exchange Commission (Title 17, Code of Federal Regulations, Section 240.10b-5), in that he did (a) employ devices, schemes and artifices to defraud; (b) make untrue statements of material

facts and omit to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and (c) engage in acts, practices and courses of business which would and did operate as a fraud and deceit upon members of the investing public, in connection with purchases and sales of securities of Trans-Global Holdings Inc.

(Title 15, United States Code, Sections 78j(b) and 78ff).

COUNT EIGHT
(Securities Fraud - TMANglobal.com, Inc.)

17.   The allegations contained in paragraphs 1 through 12 are realleged and incorporated as if fully set forth in this paragraph.

18.   In or about and between October 1997 and June 1999, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant BRUCE ANTHONY GORCYCA, also known as "Anthony DiMarco," "Tony Dimarco," "Tony Demarco," and "Tony D. Marco," did knowingly and willfully, by use of means and instrumentalities of interstate commerce and the mails, directly and indirectly use and employ manipulative and deceptive devices and contrivances in violation of Rule 10b-5 of the Rules and Regulations of the United States Securities and Exchange Commission (Title 17, Code of Federal Regulations, Section 240.10b-5), in that he did (a) employ devices, schemes

and artifices to defraud; (b) make untrue statements of material facts and omit to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and (c) engage in acts, practices and courses of business which would and did operate as a fraud and deceit upon members of the investing public, in connection with purchases and sales of securities of TMANglobal.com, Inc.

(Title 15, United States Code, Sections 78j(b) and 78ff).

## COUNT NINE
(Securities Fraud - China Food and Beverage Company)

19.   The allegations contained in paragraphs 1 through 12 are realleged and incorporated as if fully set forth in this paragraph.

20.   In or about and between October 1997 and June 1999, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant BRUCE ANTHONY GORCYCA, also known as "Anthony DiMarco," "Tony Dimarco," "Tony Demarco," and "Tony D. Marco," did knowingly and willfully, by use of means and instrumentalities of interstate commerce and the mails, directly and indirectly use and employ manipulative and deceptive devices and contrivances in violation of Rule 10b-5 of the Rules and Regulations of the United States Securities and Exchange Commission (Title 17, Code of Federal Regulations, Section 240.10b-5), in that he did (a) employ devices, schemes

and artifices to defraud; (b) make untrue statements of material facts and omit to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and (c) engage in acts, practices and courses of business which would and did operate as a fraud and deceit upon members of the investing public, in connection with purchases and sales of securities of China Food and Beverage Company.

(Title 15, United States Code, Sections 78j(b) and 78ff).

### COUNT TEN
(Securities Fraud - Chill Tech Industries, Inc.)

21.  The allegations contained in paragraphs 1 through 12 are realleged and incorporated as if fully set forth in this paragraph.

22.  In or about and between October 1997 and June 1999, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant BRUCE ANTHONY GORCYCA, also known as "Anthony DiMarco," "Tony Dimarco," "Tony Demarco," and "Tony D. Marco," did knowingly and willfully, by use of means and instrumentalities of interstate commerce and the mails, directly and indirectly use and employ manipulative and deceptive devices and contrivances in violation of Rule 10b-5 of the Rules and Regulations of the United States Securities and Exchange Commission (Title 17, Code of Federal Regulations,

Section 240.10b-5), in that he did (a) employ devices, schemes
and artifices to defraud; (b) make untrue statements of material
facts and omit to state material facts necessary in order to make
the statements made, in light of the circumstances under which
they were made, not misleading; and (c) engage in acts, practices
and courses of business which would and did operate as a fraud
and deceit upon members of the investing public, in connection
with purchases and sales of securities of Chill Tech Industries,
Inc.

(Title 15, United States Code, Sections 78j(b) and
78ff).

## COUNT ELEVEN
(Securities Fraud - Converge Global, Inc.)

23.   The allegations contained in paragraphs 1 through
12 are realleged and incorporated as if fully set forth in this
paragraph.

24.   In or about and between October 1997 and June
1999, both dates being approximate and inclusive, within the
Eastern District of New York and elsewhere, the defendant BRUCE
ANTHONY GORCYCA, also known as "Anthony DiMarco," "Tony Dimarco,"
"Tony Demarco," and "Tony D. Marco," did knowingly and willfully,
by use of means and instrumentalities of interstate commerce and
the mails, directly and indirectly use and employ manipulative
and deceptive devices and contrivances in violation of Rule 10b-5
of the Rules and Regulations of the United States Securities and

Exchange Commission (Title 17, Code of Federal Regulations, Section 240.10b-5), in that he did (a) employ devices, schemes and artifices to defraud; (b) make untrue statements of material facts and omit to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and (c) engage in acts, practices and courses of business which would and did operate as a fraud and deceit upon members of the investing public, in connection with purchases and sales of securities of Converge Global, Inc.

(Title 15, United States Code, Sections 78j(b) and 78ff).

## COUNT TWELVE
(Securities Fraud - North Wave Communications, Corp.)

25. The allegations contained in paragraphs 1 through 12 are realleged and incorporated as if fully set forth in this paragraph.

26. In or about or between October 1997 and June 1999, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant BRUCE ANTHONY GORCYCA, also known as "Anthony DiMarco," "Tony Dimarco," "Tony Demarco," and "Tony D. Marco," did knowingly and willfully, by use of means and instrumentalities of interstate commerce and the mails, directly and indirectly use and employ manipulative and deceptive devices and contrivances in violation of Rule 10b-5 of the Rules and Regulations of the United States Securities and

Exchange Commission (Title 17, Code of Federal Regulations, Section 240.10b-5), in that he did (a) employ devices, schemes and artifices to defraud; (b) make untrue statements of material facts and omit to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and (c) engage in acts, practices and courses of business which would and did operate as a fraud and deceit upon members of the investing public, in connection with purchases and sales of securities of North Wave Communications, Corp.

(Title 15, United States Code, Sections 78j(b) and 78ff).

A TRUE BILL

/s/
FOREPERSON

BENTON J. CAMPBELL
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

BY:_____
ACTING UNITED STATES ATTORNEY
PURSUANT TO 28 C.F.R. 0.136

F. #1999R02003
FORM DBD-34
JUN. 85

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT of NEW YORK
Criminal Division

## THE UNITED STATES OF AMERICA

### BRUCE ANTHONY GORCYCA,

also known as

"Anthony DiMarco," "Tony Dimarco,"
"Tony DeMarco" and "Tony D. Marco,"
**Defendant.**

## INDICTMENT

(T. 18, U.S.C., §§ 1343, 2 and 3551 et seq.;
T. 15, U.S.C. §§ 78j(b) and 78ff)

_A true bill._

s/ _____

_____ Foreman

_Filed in open court this_ _____ _day,_

_of_ _____ _A.D. 20_ _____

_____ Clerk

_Bail, $_ _____

_AUSA Tanya Y. Hill, (718) 254-6144_