ORIGINAL D&F C/M

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
UNITED STATES OF AMERICA,

    -against-

BRUCE ANTHONY GORCYCA, also
known as "Anthony DiMarco," "Tony
Dimarco," "Tony DeMarco," and "Tony
D. Marco,"

              Defendant.
-------------------------------------------------------x

**MEMORANDUM**
Case No. 08-CR-9 (FB)

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ OCT 17 2008 ★

**BROOKLYN OFFICE**

*Appearances:*
*For the United States:*
BENTON J. CAMPBELL, ESQ.
United States Attorney
Eastern District of New York
By: PATRICK SEAN SINCLAIR, ESQ.
    Assistant United States Attorney
271 Cadman Plaza East
Brooklyn, New York 11201

*For the Defendant:*
LARRY J. SILVERMAN, ESQ.
26 Broadway
18th Floor
New York, New York 10004

**BLOCK, Senior District Judge:**

    Defendant, Bruce Anthony Gorcyca ("Gorcyca") is currently charged with six

counts of wire fraud in violation of 18 U.S.C. § 1343 and six counts of securities fraud in

violation of 15 U.S.C. § 78j(b) and 17 C.F.R. § 240.10b-5. Gorcyca moves by letter[1] to

dismiss the indictment on the following grounds: (1) several potential defense witnesses

are not available to testify; (2) Gorcyca claims to have been incarcerated for longer than his

---

[1] At the time he made the motion, February 8, 2008, Gorcyca was litigating *pro se*. He now appears to be represented by counsel, Larry J. Silverman. On April 14, 2008, Gorcyca filed a letter with the Court stating, *inter alia*: "I am NOT proceeding pro-se and need to consult with Atty. Silverman about proceeding as co-counsel in any future proceedings." Docket Entry #11.

sentence would be if he were convicted; (3) the statute of limitations bars his prosecution for the acts alleged in the indictment; and (4) Fed. R. Crim. P. 5 was violated because of the length of time between Gorcyca's arrest and his appearance before a judge. The government argues that the Court should not grant Gorcyca relief because he is a fugitive. The Court agrees; Gorcyca's motion is denied.

I

The following facts are taken from the government's response to Gorcyca's motion to dismiss and are uncontested except where otherwise indicated. From approximately October 1997 to June 1999, Gorcyca was allegedly engaged in a scheme to manipulate the stock price of small public companies through fraudulent faxes and press releases. FBI agents executed a search warrant on one of Gorcyca's homes in July 1999. A criminal complaint was filed in October 1999, charging Gorcyca with wire fraud and securities fraud. During a phone call with FBI agents in November 1999, Gorcyca said "he would rather live like a fugitive than die in prison." Gov't Resp. to Def.'s Mot. to Dismiss 6. Gorcyca has denied making this statement and said that he did not understand what the agents wanted with him. Tr. of Arraignment & Bail Hr'g 10. Sometime in late 1999 or early 2000, Gorcyca moved to Canada.

The United States sought extradition in July 2000 based on an arrest warrant in regard to the criminal complaint. Gorcyca resisted extradition, and the proceedings went on for almost seven years—a delay due, at least in part, to Gorcyca's appeal of every adverse decision by Canadian authorities—until he was delivered to United States

Marshals on May 22, 2007. On July 30, 2007, he was thereafter indicted for one count of conspiracy to commit wire fraud.

On December 19, 2007, the indictment was dismissed, without prejudice, for violation of the Speedy Trial Act, 18 U.S.C. § 3161-3174. *See United States v. Gorcyca*, No. 07-CR-608 (E.D.N.Y. Dec. 19, 2007) (Weinstein, J.). The dismissal was stayed for ten days, during which time Gorcyca was directed not to return to Canada. The stay was designed to keep Gorcyca in the United States until the government decided whether to re-indict, so as to prevent another lengthy extradition. *See* Tr. of Mot. to Dismiss 31-33, Dec. 19, 2007. Nonetheless, Gorcyca returned to Canada sometime before January 7, 2008, when he was re-indicted for the subject charges, which he now seeks to dismiss. An arrest warrant was issued on February 8, 2008, but Gorcyca remains in Canada.

## II

"A person can be said to be a fugitive when, while abroad, they learn that they are under indictment and make no effort to return to the United States to face charges." *United States v. Blanco*, 861 F.2d 773, 779 (2d Cir. 1988) (citing *United States v. Schreiber*, 535 F. Supp. 1359, 1363 (S.D.N.Y. 1982)); *see also In re Grand Jury Subpoenas dated March 9, 2001*, 179 F. Supp. 2d 270, 287 (S.D.N.Y. 2001) ("A person who learns of charges against him while he is outside the jurisdiction 'constructively flees' by deciding not to return." (citing *United States v. 218 Panther St.*, 745 F. Supp. 118, 121 (E.D.N.Y. 1990))). "A true fugitive, . . . who is successfully resisting government efforts to bring him into the jurisdiction, will not be able to obtain dismissal of an indictment." *Blanco*, 861 F.2d at 780

(quoting *United States v. Salzmann*, 548 F.2d 395, 404 (2d Cir. 1976) (Feinberg, C.J., concurring)).

The fugitive disentitlement doctrine gives courts the authority to refuse to grant relief to those who flee from justice. *See United States v. Awadalla*, 357 F.3d 243, 245 (2d Cir. 2004). "Although the doctrine originated in the context of appeals, it is available in the trial context as well." *In re Grand Jury Subpoenas*, 179 F. Supp. at 286. To determine whether to deny relief to fugitives, courts examine whether any of four grounds is present: "1) assuring the enforceability of any decision that may be rendered against the fugitive; 2) imposing a penalty for flouting the judicial process; 3) discouraging flights from justice and promoting the efficient operation of the courts; and 4) avoiding prejudice to the other side caused by the defendant's escape." *Awadalla*, 357 F.3d at 245 (quoting *Empire Blue Cross & Blue Shield v. Finkelstein*, 111 F.3d 278, 280 (2d Cir. 1997)).

All four factors weigh in favor of dismissing Gorcyca's motion. Since Gorcyca is in Canada, the Court cannot enforce a decision adverse to him. The Court's refusal to consider the merits of his motion serves to penalize Gorcyca (athough the Court does not imply that his motion would have been granted on the merits) and deter others who similarly flout the judicial process. Gorcyca's refusal to return to the jurisdiction prejudices the government because it must expend time and resources executing an arrest warrant and initiating extradition proceedings. In attempting to litigate his criminal case by mail from Canada, Gorcyca is trying to secure a favorable decision without risking the consequences of an unfavorable decision. *See United States v. Nabepanha*, 200 F.R.D. 480, 483

(S.D. Fla. 2001) ("The fugitive Defendant should not be allowed to gain the benefit of a favorable result when he is unwilling to risk the burden of an adverse decision.").

Gorcyca argues that he is not a fugitive because the government did not re-indict him before the end of the ten-day stay of dismissal. There is controversy over whether the government re-indicted Gorcyca during the ten-day period, hinging on whether New Year's Eve and Christmas Eve are considered "legal holidays" within the meaning of Fed. R. Crim. P. 45. The Court need make no determination as to this issue, however. Even assuming the government failed to re-indict within the ten-day period, there would not, *ipso facto*, be any infirmity in the indictment. The remedy for a violation of the Speedy Trial Act is dismissal of the indictment. *See* 18 U.S.C. § 3162(a). Where the dismissal is without prejudice, the government is free to re-indict. *See United States v. Gambino*, 59 F.3d 353, 363 (2d Cir. 1995). The dismissal of Gorcyca's previous indictment was without prejudice. The stay was not a time limit on the government's ability to re-indict; it was a time limit on the government's opportunity to re-indict without having to extradite Gorcyca. Now that he has been re-indicted, is aware of the charges against him, and remains in Canada, Gorcyca is a fugitive and the court has the authority to deny his motion on that basis, without deciding the merits. *See United States v. Morgan*, 254 F.3d 424, 426-27 (2d Cir. 2001) (affirming district court's application of fugitive disentitlement doctrine to deny defendant's motion to withdraw plea).

## CONCLUSION

Gorcyca's motion is denied.

s/FB

FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
October 16, 2008